## 34625. GILMORE v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS et al.

NICHOLS, Chief Justice.

The Composite State Board of Medical Examiners sought from the Hospital Authority of Washington County access to and examination of certain written materials deemed to be related to the fitness of Dr. Gilmore to practice medicine. The Hospital Authority resisted the subpoena. The Board then filed in the Superior Court of Washington County a complaint against the Hospital Authority to obtain an order requiring obedience of the subpoena. Dr. Gilmore intervened, seeking an injunction against the proceedings and contending that the Board's subpoena powers as set forth in Ga. L. 1974, pp. 1156, 1162 (Code Ann. § 84-916 (d)) are unconstitutional in that they deny him due process of the laws. The trial court denied all relief sought by Dr. Gilmore and he appeals.

1. No charges have been preferred against Dr. Gilmore. Rather, the matter is in the investigative stages. The investigator is attempting to gain information concerning Dr. Gilmore's fitness to practice medicine. Due process does not require at this state of the matter that Dr. Gilmore be informed of the nature of the charges that have been made to the Board or the names of his accusers, nor is he denied due process because he is not permitted to participate in selecting the documents to be collected by the investigator or to participate in the deliberations prior to the decision to initiate proceedings against him. Arnett v. Kennedy, 416 U. S. 134 (94 SC 1633, 40 LE2d 15) (1973); *In re Wiggins,* 144 Ga. App. 707 (242 SE2d 290) (1978).

2. The cited statutory provision is not unconstitutional nor is the judgment of the trial court erroneous for any reason asserted.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 14, 1979 — DECIDED APRIL 4, 1979.

*Joseph B. Bergen, Laurie K. Abbott,* for appellant.
*Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General, Thomas Hutcheson, Jones, Bird & Howell, Robert Walling,* for appellees.