S98Y1474. IN THE MATTER OF FREDERICK JOSEPH HENLEY, JR.
(518 SE2d 418)

PER CURIAM.

Following disciplinary proceedings, the review panel recommended that Frederick Joseph Henley, Jr. be disbarred for several violations of bar rules arising out of his participation in an insurance fraud scheme. Henley contends that the production of documents during the disciplinary proceedings violated his constitutional rights. We disagree and conclude that disbarment is the appropriate sanction.

In its formal complaint, the State Bar alleged that Henley represented persons who falsely claimed they had been in automobile accidents and were seeking insurance payments for personal injuries and for property damage. Henley represented some of these persons without ever meeting them. He also allowed a nonlawyer employee to engage in negotiations with insurance adjusters over the legal rights of clients, several of whom were determined to be nonexistent. Henley also deposited personal funds into his attorney trust account and failed to maintain records of financial transactions involving that account.

The State Bar charged that these activities violated several standards of State Bar Rule 4-102, including Standard 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), Standard 24 (a lawyer shall not aid a nonlawyer in the unauthorized practice of law), Standard 45 (a lawyer shall not knowingly assist his client in conduct that is illegal or fraudulent), and Standard 65 (D) (a lawyer shall maintain a trust account in which all funds held for a client shall be deposited).

Henley refused to respond to the State Bar's requests for admissions and as a result the special master deemed the matters admit-

ted and concluded that parts of the Formal Complaint were also admitted. The special master granted the State Bar's motion for summary judgment as to the majority of the complaint and found as aggravating factors that Henley had been previously suspended,[1] that Henley's conduct was driven by selfish motives, that Henley engaged in a pattern of misconduct with multiple offenses, that Henley refused to comply with discovery requests and orders of the special master, and that Henley refused to acknowledge the wrongful nature of his conduct. The review panel accepted and adopted the special master's report and recommendation of disbarment. Henley has filed exceptions to the review panel's report.

1. Henley challenges the special master's findings of fact. These findings of fact were adopted as admissions because of Henley's persistent refusal to comply with discovery requests and orders. Because the review panel adopted the special master's findings, we review the record in the light most favorable to those findings.[2] Having reviewed the record, we find no merit to Henley's factual challenge.

2. Henley contends that he was improperly compelled to produce documents that were used against him. However, Henley voluntarily produced the documents rather than risk the adverse inference that could have been drawn had he refused production based upon his privilege against self-incrimination.[3]

3. Henley also contends that the State Bar improperly used the documents subpoenaed to expand the scope of the investigation against him. However, because the State Bar's subpoena was issued during an investigatory phase before the filing of formal charges, the full protections of constitutional due process do not attach.[4] This case is distinguishable from *In re Ruffalo*,[5] in which the Supreme Court held that the imposition of discipline based on new charges filed only after the lawyer's testimony in a hearing on previously filed charges violated due process. Here, no new charges were added following the filing of the formal complaint and Henley was given ample notice and a full opportunity to present a defense to those charges.

---

[1] See *In re Henley, Jr.*, 267 Ga. 366 (478 SE2d 134) (1996).

[2] *In re Morse*, 265 Ga. 353 (456 SE2d 52) (1995).

[3] See *In re Meier*, 256 Ga. 72, 75 (344 SE2d 212) (1986) (special master should have drawn negative inference from respondent's refusal to testify); *Baxter v. Palmigiano*, 425 U.S. 308, 317-318 (96 SC 1551, 47 LE2d 810) (1976) (generally no violation of privilege against self-incrimination in noncriminal proceedings when party can choose to remain silent but have silence used against him).

[4] See *Wills v. Composite State Board of Medical Examiners*, 259 Ga. 549, 551 (384 SE2d 636) (1989); *Gilmore v. Composite State Board of Medical Examiners*, 243 Ga. 415 (254 SE2d 365) (1979); see also *In re Flanagan*, 690 A.2d 865, 874-875 (Conn. 1997) (majority rule is that due process requirements do not attach to disciplinary proceedings during the investigatory phase).

[5] 390 U.S. 544 (88 SC 1222, 20 LE2d 117) (1968).

Dismissal is not warranted even though the investigative notice did not contain the charges ultimately presented in the formal complaint. Due process does not require that the same level of notice be given in the investigative phase as in the adjudicatory phase, which is initiated by the filing of a formal complaint. Although the State Bar rules contemplate that a lawyer will have an opportunity to respond to charges during the investigative phase, it is unrealistic to assume that all wrongdoing will come to the Bar's attention before it begins its investigation. Additionally, no discipline is imposed at the conclusion of the investigative phase. Because the requirements of due process were met in the special master proceedings, Henley has shown no prejudice resulting from the failure to alert him earlier to all the charges brought in the formal complaint. We disapprove of any contrary holding in *In re Kennedy*,[6] in which this Court ordered the dismissal without prejudice of charges raised in the formal complaint when the charges had not previously been disclosed in the notice of investigation.

4. We agree with the special master and the review panel that disbarment is warranted. Accordingly, Henley is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 3, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[6] 266 Ga. 249 (466 SE2d 1) (1996).