S00Y0463. IN THE MATTER OF HARVEY C. BROWN, JR.
(524 SE2d 727)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline of the Respondent, Harvey C. Brown, Jr. The State Bar recommends that the Court accept Brown's petition in which he requests a two-year suspension from the practice of law, running from September 1, 1998. Brown admits violating Standards 61 (failure to promptly notify a client of the receipt of client funds, securities or other properties and to promptly deliver such funds, securities or other properties to the client); 63 (failure to maintain complete records of client funds and to promptly render appropriate accounts regarding the funds to the client); 65 (commingling client's funds with his own funds and failure to account for trust property held in a fiduciary capacity); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). Brown was retained by a client to handle a probate matter and the sale of real property, for which he was paid a retainer of $950. After negotiating the sale of the property for his client, Brown received a check from the buyer as a down payment in the amount of $2,500. Although Brown received the check in a fiduciary capacity on behalf of his client, he failed to deliver the proceeds to his client and instead converted the funds to his own use. He failed to notify his client that the funds had been received and failed to make an appropriate accounting to her of the fiduciary funds. Subsequently, Brown failed to respond to a Notice of Discipline in accordance with Bar Rules. Brown closed his law practice on September 1, 1998 and was suspended by order of this Court entered October 19, 1998. Brown has since made full restitution to the client.

In his petition, Brown admits his conduct violated Standards 61, 63, 65 and 68, and requests a two-year suspension from the practice

of law, running from September 1, 1998, with a condition for reinstatement being that Brown provide the Office of the General Counsel with certification from the Lawyer Assistance Program that he is fit to resume the practice of law and that he poses no threat of harm to his clients or to the public. Although we note as factors in aggravation that this Court has previously sanctioned Brown on two prior occasions for disciplinary infractions, the first being a private reprimand ordered September 14, 1984, and the second being a Review Panel Reprimand imposed by this Court on January 7, 1998, it appears that, given Brown's remorse, his full restitution to the client, the fact that he was apparently struggling with both a mental disability and alcoholism at the time the infractions occurred for which he has since received treatment, and the fact that he voluntarily closed his law practice prior to being suspended by this Court, this Court agrees to accept the two-year suspension as requested in the Petition with the condition for reinstatement. Accordingly, Brown is hereby suspended for a period of two years from September 1, 1998.

*Two-year suspension running from September 1, 1998, with conditions for reinstatement. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*William P. Smith, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.