S02Y0192. IN THE MATTER OF KENNETH L. DRUCKER.
(556 SE2d 129)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation of a special master who recommends accepting Respondent Kenneth L. Drucker's petition for voluntary discipline which he filed pursuant to Bar Rule 4-227 (c) after the issuance of a Formal Complaint and in which he admitted violating Standard 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including

---

[1] *In re Pike*, 272 Ga. 177 (527 SE2d 852) (2000) (State Bar Docket Nos. 3657 and 3929).
[2] *In re Pike*, S01Y0407 (Dec. 15, 2000).

money and interest paid on the client's money, if any, held in any fiduciary capacity). Based on Drucker's admissions and taking into account certain mitigating factors present in this case, we accept Drucker's Petition for Voluntary Discipline and hereby order that Drucker be suspended from the practice of law in this state for a period of six months.

Drucker, who has been a member of the Bar since 1973, was retained on a contingency fee basis by a client in November 1997 to collect certain past due accounts. He accepted that employment and, during the next two years, collected $2,200 in payments due to the client. Drucker did not inform the client of the collections, however, nor make any accounting of the funds to the client. Instead, he converted the funds to his own use. Subsequently, Drucker failed to respond to the client's repeated inquiries as to the status of the collection efforts and in November 2000, he failed to respond to the client's letter informing him that it had become aware that he had collected fiduciary funds on its behalf which he failed to forward to it. Based on these facts, we agree with the State Bar and the special master that Drucker's actions violated Standard 65 (A). In mitigation, we find that Drucker has shown remorse and has repaid the funds; that Drucker has no prior disciplinary history; and that personal and emotional factors may have contributed to this behavior. Based on the record as a whole, we find that suspension is an appropriate sanction in this case. See *In the Matter of deRosay*, 268 Ga. 868 (494 SE2d 339) (1998). Accordingly, Drucker hereby is suspended for a period of six months from the date of this opinion.

Drucker is reminded of his duties under Bar Rule 4-219 to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Six months suspension. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

DECIDED NOVEMBER 30, 2001.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

*George L. Kimel,* for Drucker.