## S02Y0845. IN THE MATTER OF CHERYL S. CHAMPION.
### (562 SE2d 179)

PER CURIAM.

This disciplinary matter is before the Court pursuant to Respondent Cheryl S. Champion's Petition for Voluntary Discipline which was filed pursuant to Bar Rule 4-227 (b) (2) prior to the issuance of a Formal Complaint which would have charged Champion with violating Standard 65 (A) (a lawyer shall not commingle her client's funds with her own, shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity) of Bar Rule 4-102 (d). A violation of Standard 65 (A) may be punished by disbarment. Respondent requests the imposition of a suspension for a period of between six and eighteen months along with conditions. Based on Champion's admissions and taking into account certain mitigating factors present in this case, we accept Champion's Petition for Voluntary Discipline and hereby order that Champion be suspended from the practice of law in this state for a period of 12 months.

Respondent, who has been a member of the Bar since 1993, admits that she was retained in March 2000 to represent a client in connection with a personal injury claim; that the claim was settled for a gross sum of $8,000; that she received the settlement funds in her fiduciary capacity and deposited them into her escrow account in August 2000; that she withdrew those funds for her own use; and that she did not remit the funds to her client or her client's medical care providers until the end of January 2001. Based on these facts, we agree with the State Bar and Champion that her actions violate Standard 65 (A). In aggravation, the Respondent did not admit initially that she used client funds for her own benefit and only acknowledged the wrongful nature of her conduct after the State Bar asked her to produce her bank records. In mitigation, we find that Champion has shown remorse and has repaid the funds; that she has sought interim rehabilitation; that she has no prior disciplinary history; and that personal and emotional factors may have contributed to this behavior.

Based on the record as a whole, we find that suspension is an appropriate sanction in this case. See *In the Matter of Drucker*, 274 Ga. 536 (556 SE2d 129) (2001); *In the Matter of deRosay*, 268 Ga. 868 (494 SE2d 339) (1998). Accordingly, Champion hereby is suspended for a period of twelve months from the date of this opinion with the following special conditions: (1) that, following her reinstatement she attend, at her own expense, the next session of Ethics School offered by the State Bar of Georgia; (2) that within 120 days of reinstatement, she submit to an evaluation and assessment of her practice management procedures by the State Bar of Georgia's Law Practice

Management Program ("LPMP") or by an independent consultant selected by LPMP and within three months thereafter, provide certification from an independent consultant that she has complied with the administrative and/or operational changes recommended; and (3) that within 120 days of reinstatement, she present to the Office of General Counsel reasonable and satisfactory proof of her continued counseling and the results thereof from her present therapist/counselor, or a psychologist approved by the State Bar of Georgia's Lawyer's Assistance Program. If Champion fails to comply with the post-reinstatement conditions she will be subject, on the State Bar's motion, to immediate suspension or other discipline as ordered by the Court.

Champion is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Twelve months suspension. All the Justices concur.*

DECIDED APRIL 15, 2002.

*Warren R. Hinds*, for Champion.
*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.