### S02Y1538. IN THE MATTER OF BRACE W. LUQUIRE.
(569 SE2d 843)

PER CURIAM.

This disciplinary matter is before the Court pursuant to Respondent Brace W. Luquire's amended petition for voluntary discipline, which he filed after this Court rejected his first petition, see *In the Matter of Luquire*, Case No. S02Y0528 (decided February 6, 2002).

Luquire, who has been a member of the Bar since 1983, admits that he was hired to represent a client in claims arising from an automobile accident; that the client gave him medical documents to assist in the representation; and that he failed, without just cause, to take any action on the client's behalf, leading to her suffering needless worry and concern, potential loss of legal remedies and possibly, unnecessary financial losses. Luquire admits that his actions violate Standard 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him without just cause) of Bar Rule 4-102, and in his amended petition requests a 12-month suspension with conditions as discipline for his actions. The State Bar of Georgia responded to Luquire's petition indicating that it has no objection to acceptance of the petition.

Based on the record as a whole, we determine that Luquire's actions violate Standard 44. Although such a violation may be punished by disbarment and Luquire has been the subject of discipline on a number of occasions, see *In the Matter of Luquire*, 265 Ga. 136 (448 SE2d 452) (1994), we find in mitigation that Luquire has been

cooperative in these disciplinary proceedings, that he has made his client whole, and that he is truly remorseful for his conduct and its effect on his client. Moreover, we note that Luquire has not been the subject of a disciplinary action since his 1994 suspension. Based on all of these factors, we conclude that the discipline proposed in Luquire's amended petition is appropriate and therefore we accept his petition. Accordingly, for his admitted violation of Standard 44 of Bar Rule 4-102 (d) it hereby is ordered that Brace W. Luquire be suspended from the practice of law for a period of 12 months, commencing ten days from the date of this opinion, with the following conditions: (1) that following his reinstatement he attend, at his own expense, the next session of Ethics School offered by the State Bar of Georgia; and (2) that within 120 days of reinstatement, he submit to an evaluation and assessment of his practice by the State Bar of Georgia's Law Practice Management Program ("LPMP") or by an independent consultant selected by LPMP and within three months thereafter, provide certification from an independent consultant that he has complied with the administrative and/or operational changes recommended. If Luquire fails to comply with the post-reinstatement conditions he will be subject, on the State Bar's motion, to immediate suspension or other discipline as ordered by this Court. Luquire is reminded of his duties under Bar Rule 4-219 to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Twelve months suspension with conditions upon reinstatement. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Michael P. Cielinski, Denney, Peace, Allison & Kirk, John W. Denney*, for Luquire.