## S05Y0283. IN THE MATTER OF JEFFREY BULL GRABLE.
(607 SE2d 554)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report of the Special Master regarding Respondent Jeffrey Bull Grable's third petition for voluntary discipline filed pursuant to Bar Rule 4-227 (c) after the issuance of a Formal Complaint. In his petition, Grable requests the imposition of a six-month suspension from the practice of law for his admitted violations of Standards 22 and 44 of Bar Rule 4-102 (d) and his violations of Rule 9.3 of the Georgia Rules of Professional Conduct also set forth in Bar Rule 4-102 (d). Although Grable is subject to disbarment for his admitted violations, the Court will accept his petition.

In State Disciplinary Board ("SDB") Docket No. 4251, Grable admits that he represented a client beginning in July 1999 in a consumer case involving her dispute with a lender about automobile payments. Although Grable agreed to file suit on her behalf and she gave Grable funds for the filing fee, Grable failed to file suit, to inform her as to the status of her case, or to respond to her inquiries. In August 2000, Grable closed his private practice and began working for a government agency but failed to inform the client that he had closed his office or that he had not filed the lawsuit. After learning that Grable closed his practice, the client requested the return of the filing fee, her client file, and certain personal property taken from her automobile by the lender and given to Grable. Grable failed to promptly return the filing fee or personal property and could not give the client's file to her due to his failure to properly maintain it. Grable

also failed to timely answer the Notice of Investigation in this case as required by Bar Rule 4-204.3 (a).

In SDB Docket No. 4252, Grable admits that beginning in September or October 1999, he represented a client in a medical malpractice case involving the death of the client's sister and agreed to file suit on behalf of the client, as the representative of his sister's estate. However, Grable failed to file suit, to inform the client as to the status of the case, to respond to his inquiries, or to inform the client when Grable closed his law practice. Grable also could not return the client's file, which the client requested, because Grable failed to properly maintain the file, and it is now too late for the client to file the lawsuit. Grable also failed to timely answer the Notice of Investigation in this case as required by Bar Rule 4-204.3 (a).

In SDB Docket No. 4253, Grable admits that beginning in February 1998, he agreed to represent a client in a personal injury case by continuing a suit filed by the client's former attorney. Grable failed, however, to prosecute the suit, to inform the client of the status of the case, or to respond to the client's inquiries. After closing his practice, Grable failed to inform the client of the closure or return the client's file, which the client requested and which Grable failed to properly preserve.

In SDB Docket No. 4511, Grable admits that beginning in February 2000, he agreed to represent a client in a personal injury case involving her minor son and in which she was her son's representative. Grable, however, failed to file suit, to inform the client on the status of the case, or to respond to her inquiries. Although the client requested the return of her file, including tapes and other evidence, Grable failed to return the file and due to his failure to preserve it, he cannot now return it to her or give it to her new attorney.

The special master found that Grable's violations were the result of procrastination, confusion, lack of diligence and a failure to communicate, rather than from dishonest conduct on his part. Among the mitigating factors found by the special master and recognized by this Court are the absence of a prior disciplinary record; Grable's relative inexperience in the practice of law; his good character and reputation; his interim rehabilitation; and his remorse. Having reviewed the record, we conclude that a six-month suspension is an appropriate sanction in this matter. Accordingly, we order that Jeffrey Bull Grable be, and hereby is, suspended from the practice of law for a period of six months from the date of this opinion. Grable is reminded of his duties under Bar Rule 4-219. As additional conditions, Grable has agreed that within nine months of this Court's order granting his petition for voluntary discipline, he must initiate contact with an entity approved by the Law Practice Management Program; pay for

and submit to full assessment by that entity; waive confidentiality so that the Office of the General Counsel may confirm that he has undergone and paid for the assessment; complete all requirements of the assessment; and, no later than three months following the review of his practice by the Program, have the Program Director provide to the Office of the General Counsel certification of compliance by him with the administrative and/or operational changes recommended.

*Six-month suspension with conditions. All the Justices concur, except Hunstein, J., who dissents.*

DECIDED JANUARY 10, 2005 —
RECONSIDERATION DENIED FEBRUARY 7, 2005.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Dupree, King & Kimbrough, Hylton B. Dupree, Jr.*, for Grable.

