S05Y1654. IN THE MATTER OF STEVEN H. BALLARD.

(619 SE2d 625)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Special Master recommending the acceptance of Steven H. Ballard's petition for voluntary discipline, which seeks a two-year suspension, plus conditions. After reviewing the record, we agree and accept the petition.

The Special Master found, and Ballard admits, that in November 2001, Ballard was retained to represent a client in plea negotiations with the Clayton County Solicitor-General. No fee agreement was discussed. The client paid Ballard $20,000, understanding that Ballard would return the money if plea negotiations failed and the client needed to retain other counsel for trial. Ballard immediately paid himself $5,750 although he had not earned that amount. He deposited the remaining amount in his escrow account. Over the next few months, Ballard withdrew non-earned fees from the escrow account for his personal use. When the client asked for the return of his $20,000 in January 2002, Ballard wrote a check on his escrow account, but it was returned for insufficient funds. Two weeks later, Ballard returned the $20,000 using funds from his general operating account. The client's case was subsequently transferred to the District Attorney's office, and he was indicted on felony charges. Ballard successfully negotiated a plea agreement.

Ballard's conduct violated Rules 1.15 (I) (a) and 1.15 (II) (b) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for the violation of each rule is disbarment. In mitigation, the special master found that Ballard had no prior discipline, is remorseful and that he was dealing with personal problems at the time the misconduct occurred. The special master found no aggravating factors. The special master also found that Ballard's client did not suffer any legal or financial injury.

We have reviewed the record and agree to accept the petition. Steven H. Ballard is hereby suspended from the practice of law for a period of two years from the date of this opinion. Prior to reinstatement, Ballard must attend Ethics School as offered by the staff of the State Bar and within six months of reinstatement, must successfully submit to, pay for, and implement the recommendations of, an

evaluation by the State Bar's Law Practice Management Program. Ballard is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with conditions. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia. *Larry M. Melnick,* for Ballard.