S06Y0638, S06Y0639, S06Y0640, S06Y0641, S06Y0642, S06Y0643. IN THE MATTER OF STEVEN H. BALLARD (six cases).
(629 SE2d 809)

PER CURIAM.

These six disciplinary matters are before the Court on the Notices of Discipline filed by the State Bar against Respondent Steven H. Ballard in which it alleged that Ballard violated Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, 3.2, 4.1, and 8.4 (a) (4) of Bar Rule 4-102 (d). Ballard acknowledged service of the notices pursuant to Bar Rule 4-203.1 (b) (1), but filed his Notice of Rejection outside the 30-day period provided for in Bar Rule 4-208.3. Accordingly, Ballard is in default, has no right to an evidentiary hearing, and is subject to the discipline of this Court, see Bar Rule 4-208.1 (b).

In the first case, Ballard violated Rules 1.15 (I) and (II) when he was hired by a client to bid on a commercial contract and accepted $185,000 to be held in his trust account, but failed to wire the funds to the client's bank account as directed. He wrote the client a check from his trust account a few days later, but the bank refused to honor it for insufficient funds. Ballard told the client that he would return the funds, but he did not do so.

In the next case, Ballard met with a financial services agent to obtain a loan to purchase real estate. He drafted and submitted false legal documents, however, and made a number of false oral statements to the agent. The company relied on the documents Ballard prepared in his professional capacity and closed the loan with Ballard, subsequently learning that the documents and statements were false. Ballard did not use the money to purchase real estate and has not repaid the funds to the company. Ballard's conduct was a violation of Rule 8.4 (a) (4).

In a case where Ballard had represented a client since 2001, he informed the client in 2005 about an opportunity to purchase two parcels of land and said that he was investing money in the venture. He told the client to wire transfer $209,985 to his escrow account to close on the transaction. Ballard wrote himself a check for $130,000 out of the account after the client transferred the funds and used it for his own benefit. He presented the client with documents to sign containing false information reflecting that she had purchased the real estate, and with other false documents indicating that he had sold the property and generated a profit for the client when in fact he had neither purchased nor sold the property. When the client inquired about obtaining the profits Ballard made false statements to her with the intent to deceive. He did not hold the property of his client in his trust fund separate from his own property and withdrew

client funds from his trust account for his personal use that were not earned fees, thus violating Rules 1.15 (I) and (II), as well as Rule 8.4.

In another matter, Ballard was hired to represent a client in a personal injury claim. Although Ballard filed the suit, he subsequently dismissed the case with prejudice without his client's consent or permission, and without informing the client that he was doing so. Ballard then falsely informed the client that the defendant had offered to settle the case and made numerous reports to the client that the case was pending. He falsely told the client on several occasions that mediation had been scheduled, then cancelled or postponed. He also told the client three times that the case was on a trial calendar and even had the client participate in activities to deceive the client into thinking the case was proceeding. By the time the client discovered that the case had been dismissed, the statute of limitation had expired and the case could not be renewed. The client sought to recover damages from Ballard and Ballard told him he would pay him with proceeds from a real estate transaction with another client, but Ballard has not paid any funds to the client. In this case, Ballard violated Rules 1.3, 1.4, 1.16, 3.2 and 8.4.

In the fifth case, Ballard was hired to represent a company as a defendant in a dispute regarding commercial real estate. Ballard did not file an answer and the court granted a default judgment against the company. Ballard moved to open the default, but the motion was denied and Ballard did not tell the client about the default or the denial of his motion. The plaintiff filed a garnishment action against the company to collect on the judgment and Ballard accepted service and signed a consent order in the case on the company's behalf, but did not advise the company or have its permission to do so. When the company learned about the garnishment, Ballard said that he had filed an answer, but the clerk made a filing error. The company directed Ballard to file an appeal from the denial of the motion to open default, but Ballard did not do so. When the company discovered the appeal had not been filed, its attorney signed Ballard's name to a notice of appeal with Ballard's express permission. The attorney asked Ballard to notify his errors and omissions carrier of the company's potential claim against Ballard. Ballard falsely told the attorney the name of a carrier that was not his and provided a copy of a letter he said he wrote to the carrier, which he did not send. The attorney contacted that carrier and found out that it did not insure Ballard and had no notice of a claim. The plaintiff in the case garnished over $80,000 from the company. At the same time it hired Ballard for the first case, the company also hired him to obtain a dispossessory judgment against a tenant and paid Ballard a $5,000 retainer. Ballard falsely told the company that he filed the action and that it was proceeding to arbitration and settlement discussions. The

company terminated Ballard and hired a new attorney who discovered that Ballard never filed the suit against the tenant. Ballard did not earn the retainer, did not refund any portion of it and used the company's funds for his own benefit. By doing so, Ballard violated Rules 1.3, 1.4, 3.2, 4.1, and 8.4.

Finally, Ballard again informed a client about a business opportunity to purchase real estate and told the client he would serve as the closing attorney and receive a fee for that service. Ballard prepared and presented the client with documents for him to sign that would effect the purchase, but Ballard had not arranged any such purchase and the documents were false. Ballard falsely told the client that he found a buyer to purchase the property at a $25,000 profit and that the client would receive $127,500 and the $25,000 profit. He instructed the client to wire transfer $100,000 to his trust account, which the client did, and the client also hand-delivered a bank check for certified funds of $27,000 for Ballard to deposit in his trust account. Ballard did not hold the funds in his trust account, but instead used them for his personal benefit. The client subsequently told Ballard he was withdrawing from the transaction and asked for return of the funds. Ballard falsely told the client that the sale had taken place and made other false statements about the purported transaction with intent to deceive the client. Although Ballard eventually gave the client a check for $152,500 from his trust account, the bank did not honor the check based on insufficient funds. Because Ballard did not hold his client's property separately from his in the trust account and withdrew funds held in a fiduciary capacity for his personal use that were not earned fees, he violated Rules 1.15 (I) and (II), as well as Rule 8.4.

With respect to each of these cases we note in aggravation the existence of the other cases. Moreover, on September 19, 2005, this Court suspended Ballard from the practice of law for two years with conditions for reinstatement for violating Rules 1.15 (I) and (II), see *In the Matter of Ballard*, 279 Ga. 663 (619 SE2d 625) (2005). Because Ballard has shown an egregious pattern of disregard for his clients, the Rules of Professional Responsibility and the truth, we conclude that Ballard should be disbarred. Accordingly, the name of Steven H. Ballard hereby is removed from the rolls of lawyers authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 8, 2006.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.