## S06Y0542. IN THE MATTER OF HARVEY C. BROWN, JR.
### (629 SE2d 813)

PER CURIAM.

This disciplinary matter is before the Court on the Investigative Panel's Notice of Discipline, recommending a Review Panel Reprimand for Brown's violations of Rules 1.15 (I) and 1.15 (II), of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d). The maximum penalty for each violation is disbarment. Brown acknowledged service of the notice of discipline, but did not file a notice of rejection within 30 days of service. Therefore, he is in default, has no right to an evidentiary hearing, and shall be subject to such discipline as this Court determines. Bar Rule 4-208.1. Because of Brown's prior disciplinary infractions, we conclude that a Review Panel Reprimand is not an appropriate sanction and instead determine that disbarment is required.

The record shows that in February and March 2005, Brown issued two checks from his attorney trust account to make payments on his personal MasterCard account, and when confronted, simply blamed a secretary. Rule 1.15 (II) (b) specifically provides that "[n]o funds shall be withdrawn from [attorney] trust accounts for the personal use of the lawyer maintaining the account." The record contains no evidence that the funds have been restored, that Brown has properly maintained the account subsequently, or what actions, if any, Brown has taken to ensure proper handling of the account.

Furthermore, Brown has a lengthy disciplinary history: he received a private reprimand in 1984, a Public Reprimand in 1998 for wilful abandonment or disregard of a client's legal matter, S97Y1690 (Jan. 7, 1998), an interim suspension for failing to respond to a notice of investigation, S99Y0048 (Oct. 19, 1998), and a two-year suspension in 2000, *In the Matter of Brown*, 272 Ga. 14 (524 SE2d 727) (2000). The suspension stemmed from Brown's receipt of client funds in a fiduciary capacity, his personal use of those funds, and his failure to account for the funds. *Brown*, 272 Ga. at 14.

Because Brown has shown a consistent inability to properly maintain his trust account, we conclude that disbarment is the appropriate sanction. It is hereby ordered that the name of Harvey C. Brown, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Brown is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I must dissent to the majority opinion in this case because I believe disbarment is too harsh a penalty under the circumstances of

this case and because I am persuaded that focusing on punishment as the only response to violations of the Rules of Professional Conduct, without meaningful consideration of opportunities for rehabilitation, is wasteful.

Obtaining a license to practice law is neither easy nor inexpensive. The financial cost alone can be staggering, over $100,000 for many students, much of which is borrowed. Leigh Jones, Bar Exam Failures Are On The Rise, National Law Journal, March 13, 2006. On top of the fiscal burden is three years of time and effort invested in law school with the attendant strain on family and other relationships. While this Court and the State Bar must be vigilant in efforts to protect the public from misconduct by members of the Bar, we must also remain cognizant of our duty to assist attorneys who have been unable to maintain the high standards the legal profession properly demands of them. Toward that end, we have established programs such as Ethics School and the Law Practice Management Program. Appropriate use of those programs as rehabilitative tools could avoid the waste of resources inherent in every disbarment, especially the resources the attorney has expended in becoming licensed and maintaining a license.

In my concurring opinion in *In the Matter of Finley*, 268 Ga. 251, 256 (488 SE2d 74) (1997), I expressed concern for "lawyers who run afoul of bar rules due not to their incompetence as lawyers, but due to their lack of familiarity with proper business practices and management techniques and their inattention to detail in the operation of their law offices." Brown's explanation for the violations addressed in this matter, that a staff member unfamiliar with the purpose of a trust account issued checks on Brown's trust account to pay Brown's personal obligations, reveals just such a failure on his part. While Brown's violation of the Rules of Professional Conduct warrants disciplinary action, I submit disbarment is not the proper action. More appropriate in this case would be disciplinary action which could serve a rehabilitative purpose by reducing the chances of the recurrence of technical violations of the Rules of Professional Conduct through education while still being sufficiently punitive to serve a deterrent purpose. Both purposes would be well served in the present case by suspension for a relatively short period, such as six months or one year, with reinstatement conditioned on completion of Ethics School during the suspension (see *In the Matter of Ballard*, 279 Ga. 663 (619 SE2d 625) (2005)) and, as a condition of continued good standing in the Bar, that Brown submit within 90 days of his reinstatement to an evaluation and assessment of his practice management procedures by the Law Practice Management Program ("LPMP") or by an independent consultant selected by the LPMP, at his expense; waive confidentiality so that the Office of the General

Counsel may confirm that he has undergone and paid for the assessment; complete all requirements of the assessment; no later than three months following the review of his practice by the Program, have the Program Director of LPMP provide to the Office of the General Counsel certification of compliance by Brown with the administrative and/or operational changes recommended (see *In the Matter of Grable*, 279 Ga. 1 (607 SE2d 554) (2005); *In the Matter of Champion*, 275 Ga. 140 (562 SE2d 179) (2002)); and as a final condition, that failure to comply with the post-reinstatement conditions would subject Brown, on the State Bar's motion, to immediate suspension or other discipline as ordered by this Court, including disbarment. See *In the Matter of Luquire*, 275 Ga. 493 (569 SE2d 843) (2002).

In addition to disagreeing with the punishment meted out in this case, I must express my objection to the majority opinion's justification of that punishment. First, the majority opinion summarily dismisses the explanation Brown made to the Investigative Panel, though the Investigative Panel made no finding that the explanation was not true. Second, the majority opinion uses the word "confronted" to describe the grievance form which said only that "[t]he attached information [cancelled checks and credit card statements] suggests possible violation of Bar Rules 1.15 (I) and 1.15 (II) of the Georgia Rules of Professional Conduct." The majority goes on to imply that Brown's administrative error was harmful by noting that the "record contains no evidence that the funds have been restored, that Brown has properly maintained the account subsequently, or what actions, if any, Brown has taken to ensure proper handling of the account." However, because the record contains no evidence at all, this Court could just as accurately have noted that the record contains no evidence that the funds have not been restored, that Brown has not properly maintained the account subsequently, or that Brown has not taken all necessary steps to ensure proper handling of the account. The absence of evidence or findings on the issues gratuitously inserted into the case by the majority opinion is easily understood by consideration of the procedural course of this disciplinary action. The Investigative Panel became aware that two checks were issued on Brown's trust account, one for $25 and one for $50, to make payments on a credit card account, and issued a memorandum of grievance. Although the record contains no response, the Notice of Discipline recites that Brown's response to the grievance was that a secretary who did not understand the purpose of the trust account issued the checks. Considering that information and Brown's disciplinary record, the Investigative Panel directed issuance of a Notice of Discipline seeking to impose on Brown a Review Panel Reprimand. Brown acknowledged service of the Notice of Discipline, but did not contest

it. While the record is silent regarding Brown's reason for accepting the proposed discipline, we can easily suppose it was because there had unquestionably been technical violations of the rules cited in the Notice of Discipline and the proposed punishment was the lowest form of public discipline that could be imposed for those violations.

Through its Office of General Counsel, the State Bar expressed its agreement with the Investigative Panel's choice of the appropriate level of discipline by requesting this Court order a Review Panel Reprimand. The majority opinion, however, though in possession of less information than the Investigative Panel, rejects the proposed discipline in favor of the most extreme discipline available, the professional death sentence of disbarment. To justify the punishment, the majority opinion points to Brown's "lengthy disciplinary history" and his "consistent inability to properly maintain his trust account...." The "lengthy disciplinary history" recited in the majority opinion was really three prior events, not four, the interim suspension being a part of the process leading to the two-year suspension. The "consistent inability" cited by the majority opinion actually consists of two instances, the one resulting in a two-year suspension and the present instance. The majority opinion omits from its recitation that in the major disciplinary event in Brown's history, a two-year suspension resulting from a voluntary petition, this court noted that Brown was suffering from alcoholism and mental disability at the time and had sought treatment and closed his office prior to being suspended. *In the Matter of Brown*, 272 Ga. 14 (524 SE2d 727) (2000).

It is imperative that this Court, in the exercise of its duty and authority in attorney discipline matters, be straightforward and dispassionate, remaining focused on the goals of protecting the public and fostering the ethical and effective practice of law. Because I believe the majority opinion has failed to meet those standards and has imposed an inappropriately hard punishment, I must dissent.

DECIDED MAY 8, 2006.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittleman, Assistant General Counsel State Bar*, for State Bar of Georgia.