## S07Y0172. IN THE MATTER OF HUNTER J. HAMILTON.
### (640 SE2d 291)

PER CURIAM.

This disciplinary matter is before the Court on the Report of the Special Master, recommending that the Court suspend Hamilton for at least nine months, with conditions, based on his improper handling of his attorney trust account, which conduct constitutes violations of Standards 63, 65 (A) and 65 (D) of former Bar Rule 4-102 (d) (for conduct occurring prior to January 1, 2001) and Rules 1.15 (I) (a) and 1.15 (II) (b) of Bar Rule 4-102 (d) (for conduct occurring after January 1, 2001, when the Georgia Rules of Professional Conduct became effective).

The State Bar filed a formal complaint, to which Hamilton filed an untimely answer. In a consent order respecting the State Bar's motion for default, Hamilton agreed to submit an audit of his attorney trust account by March 9, 2006. Hamilton failed to do so and, having been given additional time in which to submit it, also failed to meet the second deadline.

The special master considered the matter in default and found the facts alleged in the formal complaint admitted pursuant to Rule 4-212 (a). Specifically, the special master found that Hamilton wrote checks on his trust account that were returned unpaid for insufficient funds; he deposited personal funds in the trust account and thus commingled his funds with clients' funds; he withdrew funds from the trust account that were not earned attorney fees debited and recorded as such; and he failed to maintain complete records of funds held in the account, including records so as to reflect at all times the exact balance held for each client or third party.

The special master recommends a suspension of at least nine months, with certain conditions for reinstatement. Having reviewed the record, we cannot agree that a nine-month suspension is appropriate. The record reflects that Hamilton has failed to adequately and properly maintain his trust account for many years, has not been cooperative with the State Bar's investigation and in fact has impeded the investigation by failing to submit an audit as directed. The maximum penalty for each of the violations Hamilton has admitted is disbarment. Additionally, this Court takes very seriously a lawyer's responsibility to safeguard and properly manage client funds. See *In the Matter of Brown*, 280 Ga. 500 (629 SE2d 813) (2006).

Accordingly, the Court hereby directs that Hunter J. Hamilton be suspended from the practice of law for one year. Reinstatement shall be permitted only by Order of this Court, and only after petition to and certification by the Review Panel of the reinstatement request, attendance at the Ethics School program, and submission of an audit of the trust account for the four-year period prior to February 2004.

Hamilton is reminded of his duties pursuant to Bar Rule 4-219 (c).

*One-year suspension with conditions. All the Justices concur, except Hunstein, P. J., who dissents.*

HUNSTEIN, Presiding Justice, dissenting.

Based on Hamilton's admitted conduct, as set forth by the majority, I disagree that suspension is an appropriate discipline. Because I would disbar Hamilton, I respectfully dissent.

DECIDED JANUARY 22, 2007.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.