S08Y0885. IN THE MATTER OF JENNIFER NICOLE FAVORS.
(662 SE2d 119)

PER CURIAM.

This disciplinary matter is before the Court pursuant to Respondent Jennifer Nicole Favors' amended petition for voluntary discipline which was filed pursuant to Bar Rule 4-227 (b) (2) prior to the issuance of a Formal Complaint which would have charged Favors with violating Rules 1.15 (I) (a), 1.15 (I) (b), 1.15 (II) (b), 8.1 (a) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, all found in Bar Rule 4-102 (d). A single violation of any of these Rules may be punished by disbarment. This Court previously rejected an earlier petition in which Favors requested a two-year suspension. Favors now requests the imposition of a three to five-year suspension and the State Bar of Georgia has no objection. Based on Favors' admissions

and taking into account certain mitigating factors present in this case, we accept Favors' Petition for Voluntary Discipline.

Favors, who has been a member of the Bar since 2001, admits that in 2004 she represented a client in connection with a personal injury claim; that the claim was settled for $7,000; that she received the settlement funds in her fiduciary capacity and deposited them into her escrow account; that in May 2004 she advised her client that she had paid $1,500 out of those funds to a third party on his behalf even though she had not done so; that Favors used the $1,500 for her own personal benefit; that in response to the client's grievance and the resulting Notice of Investigation, she made false statements to the Office of General Counsel ("OGC") and the Investigative Panel to the effect that she had twice mailed the $1,500 payment to the third party and was not aware why the payment had not been delivered or received; that she submitted to the OGC and the Investigative Panel a copy of an altered bank statement which she had falsified; that she subsequently submitted a $1,600 check to the third party which was returned for insufficient funds; that she lied to the OGC and the Investigative Panel as to why her check was returned, asserting that it was due merely to her failure to take into account routine bank service charges when she knew that her account had been overdrawn for several months due to the fact that she commingled her personal funds in the account, withdrew money from the account that belonged to her client, and used that money for her own personal benefit; that she did not finally make the payment to the third party until September 2005 (by $1,600 cashier's check not drawn on her attorney trust account); and that in May 2007, she finally admitted her actions to the OGC. Based on these facts, we agree with the State Bar and Favors that she has violated Rules 1.15 (I) (a), 1.15 (I) (b), 1.15 (II) (b), 8.1 (a), and 8.4 (a) (4). In mitigation, we find that Favors has shown remorse; that she has repaid the funds; that she has no prior disciplinary history; that personal and emotional factors may have contributed to this behavior; and that she has sought, and continues to receive, counseling to address these personal issues.

Considering the record as a whole, we find that a significant suspension is the appropriate sanction in this case. See *In the Matter of Shelfer*, 278 Ga. 55 (597 SE2d 365) (2004); *In the Matter of Champion*, 275 Ga. 140 (562 SE2d 179) (2002); *In the Matter of Drucker*, 274 Ga. 536 (556 SE2d 129) (2001); *In the Matter of DeRosay*, 268 Ga. 868 (494 SE2d 339) (1998). Accordingly, Jennifer Nicole Favors hereby is suspended for a period of three years from the date of this opinion. Favors is reminded of her duties under Bar Rule 4-219.

*Three-year suspension. All the Justices concur, except Sears, C. J., Hunstein, P. J., and Melton, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

Because I believe the only appropriate punishment in this case is disbarment, I hereby respectfully dissent.

I am authorized to state that Chief Justice Sears and Justice Melton join in this dissent.

DECIDED JUNE 2, 2008.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.