S10Y1735, S10Y1736, S10Y1737, S10Y1738, S10Y1739, S10Y1740. IN THE MATTER OF FELICIA PRUDENCE ROWE (six cases).
(700 SE2d 538)

PER CURIAM.

These six matters are before the Court on the Report of the Special Master who recommends that the Court accept the petition for voluntary discipline filed by Felicia Prudence Rowe[1] and impose a public reprimand for Rowe's violations of Rule 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[2] The maximum sanction for a violation of Rule 1.4 is a public reprimand. The State Bar filed a response before the special master recom-

---

[1] State Bar No. 341468.

[2] "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information."

mended that the petition be accepted.

These matters were initiated by the State Bar's filing of six formal complaints. After the special master set a date for an evidentiary hearing, Rowe filed her petition for voluntary discipline. After the evidentiary hearing, the special master reserved ruling on the petition in order to monitor Rowe's modifications to her law practice and her interactions with the Bar's Law Practice Management Department ("LPMD"). After the LPMD provided supplemental information, the special master issued her report accepting the petition.

The record shows that six separate clients whom Rowe represented in domestic relations matters became dissatisfied with Rowe's representation and level of communication. Rowe's conduct caused negative repercussions for three of the six clients. The most serious consequence occurred when Rowe failed to confirm that an answer had been filed on the client's behalf by his former lawyer and as a result a default was entered against the client. In representing another client, Rowe failed to appear at a scheduled hearing and failed to ensure that her client would appear. In another matter, Rowe, who had a scheduling conflict, had associate counsel appear at a court hearing on a client's behalf, but failed to adequately instruct the associate counsel to ensure that the new temporary support order mandated that the father continue payment of the child's health insurance premiums.

The special master found that by these actions Rowe violated Rule 1.4, but also found as mitigating factors that: there was an absence of any dishonesty or selfish motive; Rowe experienced personal and emotional problems during the relevant time period; Rowe sent each client a letter of apology and had been cooperative with the State Bar in the disciplinary process; Rowe had made restitution by refunding attorney fees to five of the clients and by paying compensation to the sixth client, who had default entered against him; Rowe provided affidavits of lawyers who vouch for her good character and integrity; and she had implemented preliminary recommendations from the LPMD. Additionally, the record shows that Rowe attended the State Bar's Ethics School during the pendency of these proceedings and that she had agreed to the imposition of several conditions designed to ensure her continued improvement in the management of her practice and in her communications with clients.

Having reviewed the record, we conclude that a public reprimand is the appropriate sanction and we therefore accept the special master's recommendation and accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Felicia Prudence Rowe receive a public reprimand in accordance with Bar Rules

4-102 (b) (3) and 4-220 (c), with the following conditions, effective upon the date of this opinion: (1) Rowe will submit quarterly evaluations to the LPMD for one year; (2) Rowe will not accept any new domestic relations cases for the next two years; (3) Rowe will limit her caseload to 20 new cases per year for the next two years; (4) Rowe will take a minimum of 18 hours of Continuing Legal Education per year for the next two years; and (5) if, upon the State Bar's motion, it is shown that Rowe has failed to comply with any of the foregoing conditions, the Court may order that Rowe be suspended until she is in full compliance. While the special master suggests that the public reprimand be given upon completion of the conditions imposed upon Rowe, we believe the public reprimand should be given now. Should Rowe fail to comply with the conditions supplementing her public reprimand, the State Bar may ask this Court to suspend Rowe until she is in compliance.

*Public reprimand. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Warren R. Hinds*, for Rowe.