In the Supreme Court of Georgia

Decided:    October 6, 2014

S14Y0692.  IN THE MATTER OF LAXAVIER P. REDDICK-HOOD.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that Laxavier P. Reddick-Hood (State Bar No. 597285) be suspended based upon her failure to pay a client's medical bills from settlement funds, her provision of misinformation to the client and the Bar regarding the payments, and her agreement to pay the client $3,000 in exchange for the client's agreement to drop the grievance.  The Review Panel rejected the recommendation of the special master, Bryan Cavan, that Reddick-Hood be suspended for at least three years, and instead recommends that Reddick-Hood be suspended for three months.   The State Bar and Reddick have each filed exceptions to the Review Panel's report.  After careful consideration of the record, we conclude that the special master's recommendation for a substantial suspension is the most appropriate and agree that a three-year suspension is the proper sanction in this matter.

Following the filing of a Formal Complaint and appointment of the special master, Reddick-Hood filed a petition for voluntary discipline seeking a Review Panel reprimand. The special master rejected the petition and directed Reddick-Hood to file an answer within 15 days. Reddick-Hood failed to timely file her answer, and the special master subsequently entered judgment of default.

The special master held an evidentiary hearing on the recommendation of discipline. The facts as deemed admitted by the judgment of default and as largely admitted by Reddick-Hood in the evidentiary hearing, show that Reddick-Hood, who was admitted to the Bar in 1988, represented a client in a personal injury action and settled the case in May 2010. Reddick-Hood deposited the settlement check in her trust account, paid the client her share, and paid herself attorney fees. Reddick-Hood, however, failed to pay four medical providers a total of $2,750 as the settlement required. In March 2011, the client inquired about the payments to the medical providers, and Reddick-Hood falsely told her the providers had been paid. Reddick-Hood told her client that she would retrieve her files and would forward to the client the copies of the letters and checks sent to the medical providers. Reddick-Hood, however, failed to communicate further with the client or to send the documentation as promised.

After the client filed her grievance in June 2011 and the State Bar began its inquiry, Reddick-Hood falsely told the State Bar she had paid the medical providers. During the time that Reddick-Hood should have been holding the client's funds to pay $2,750 to the medical providers, Reddick-Hood's trust account balance was less than $2,750. Reddick-Hood finally completed the payments to the providers in August 2011, more than a year after she had received the settlement funds. In September 2011, Reddick-Hood offered her client $3,000 to withdraw the grievance.

Based upon this conduct, the special master correctly determined that Reddick-Hood violated Rules 1.3, 1.4, 1.15 (I) (b)[1], 1.15 (II) (b), 8.1, 8.4 (a) (4), and 9.2, of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 1.15 (I) (b), 1.15 (II) (b), 8.1, 8.4, and 9.2 is disbarment; the maximum sanction for a violation of Rule 1.4 is a public reprimand. The special master also recognized that Reddick-Hood was involved in prior disciplinary actions, which resulted in two prior private reprimands in 2011, and noted the applicability of Rule 4-103,

---

[1] Now Rule 1.15 (I) (c).

which provides that a finding of a third or subsequent disciplinary infraction shall, in and of itself, constitute discretionary grounds for suspension or disbarment.

As mitigating factors, the special master found that Reddick-Hood has shown remorse and admitted her wrongdoings and has paid the medical providers in full, that the client has been made whole, that Reddick-Hood has taken steps to correctly handle her trust account through the Bar's Law Practice Management Program, that personal and emotional factors may have contributed to Reddick-Hood's behavior, that she sought and continues to receive counseling, and that the events giving rising to the prior disciplinary sanctions arose during the period she was seeking counseling. The special master concluded that the facts and circumstances were similar to those in In the Matter of Favors, 283 Ga. 588 (662 SE2d 119) (2008) (accepting voluntary petition and imposing three-year suspension for failure to pay third party out of settlement funds and for misrepresentation to client and Bar about payment). He thus recommended that Reddick-Hood be suspended for a period of at least three years, with conditions upon reinstatement.

The Review Panel adopted the special master's findings of fact and

conclusions of law, but found the mitigating circumstances more compelling and recommended a suspension of only three months. Reddick-Hood and the State Bar both filed exceptions. Reddick-Hood asks the Court to accept the recommendation of a three-month suspension, but also continues to seek to challenge the underlying facts, asserts that the Review Panel erred in not considering her community and Bar-related service as part of the mitigating factors, contends that she was denied due process because the Formal Complaint contained charges not contained in the Notice of Investigation, and argues that the special master lacked the authority to require her to file an answer after she had filed a petition for voluntary discipline.

It is clear that the special master and the Review Panel gave appropriate consideration to mitigating factors, but having reviewed the record, we do not find that Reddick-Hood's community and Bar-related service, while admirable, substantially outweigh the serious misconduct in this matter. Additionally, Reddick-Hood's procedural arguments are without merit, see In the Matter of Henley, 271 Ga. 21, 22 (3) (518 SE2d 418) (1999) (full protections of constitutional due process do not attach until filing of formal complaint), Rule 227 (4) (special master's decision to reject petition for voluntary discipline is

not subject to review and requires that disciplinary case shall proceed as provided by rules), and Rule 4-210 (broad authority of special master).

Having considered the voluminous record, the history of prior disciplinary infractions, and the seriousness of the misconduct, see generally In the Matter of Friedman, 270 Ga. 5, 6 (505 SE2d 727) (1998) (noting this Court's "little tolerance for a lawyer who lies during disciplinary proceedings or engages in conduct involving dishonesty, fraud, deceit or misrepresentation"), as well as the mitigating factors, the Court concludes that the special master's recommendation best fulfills the purposes of lawyer discipline to protect the public from attorney misconduct and to promote public confidence in the legal profession. See generally, In the Matter of Ortman, 289 Ga. 130, 130-131 (709 SE2d 784) (2011).

Accordingly, it is hereby ordered that Laxavier P. Reddick-Hood be suspended from the practice of law for three years, with reinstatement conditioned on Reddick-Hood's continued and successful participation in the Law Practice Management Program, on her continued participation in counseling, and on her providing a detailed, written evaluation of a licensed psychologist or psychiatrist certifying that she is fit to practice law and is

mentally competent.  Reddick-Hood is reminded of her duties under Rule 4-219 (c).

At the conclusion of the suspension imposed in this matter, if Reddick-Hood wishes to seek reinstatement, she must submit a petition for reinstatement to the Review Panel showing compliance with the conditions for reinstatement imposed in connection with the suspension.  Upon receipt of the Petition for Reinstatement, the Review Panel will review it and any objections filed by the State Bar's Office of General Counsel, and will make a recommendation to the Supreme Court.   Thereafter this Court will issue an order granting or denying reinstatement.

Three-year suspension with conditions.  All the Justices concur, except Benham and Melton, JJ., who dissent.

S14Y0692.  IN THE MATTER OF LAXAVIER P. REDDICK-HOOD.


BENHAM, Justice, dissenting.

I respectfully disagree with the majority's opinion because I believe a three-year suspension is too harsh in this case.  Here, the special master found mitigating circumstances inasmuch as Reddick-Hood showed remorse, paid the medical providers, and made her client whole.  In addition, Reddick-Hood is receiving counseling and will be submitting to special conditions.  Given these circumstances, I believe a two-year suspension is a more appropriate sanction.  See In the Matter of Shelfer, 278 Ga. 55 (597 SE2d 365) (2004) (Court imposed a two-year suspension for an attorney who stole over $100,000 from his client over two years);  In re Champion, 275 Ga. 140 (562 SE2d 179) (2002) (attorney who converted client funds to her own use and initially lied to State Bar about doing so given 12–month suspension with conditions for reinstatement).

I am authorized to state that Justice Melton joins in this dissent.