303 Ga. 678
FINAL COPY

S18Y0821.  IN THE MATTER OF DAVID E. MORGAN III.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent David E. Morgan III (State Bar No. 522250) prior to the filing of a formal complaint.  Morgan, who has been a member of the State Bar since 1978, seeks a two-year suspension with conditions for reinstatement for his admitted violations of Rules 1.15 (I) (b) (1) and (2) (ii), 1.15 (II) (b), and 8.4 (a) (4), the maximum penalty for a violation of each Rule being disbarment.  The State Bar has responded, recommending that this Court accept the petition, and this Court agrees to do so.

Morgan unconditionally admits that in 2010, his client left an estate to his heirs that included 366 acres of undivided timber land located in Wilcox County, Georgia.  In 2012, he was appointed executor of the client's estate and was responsible for managing the sale of harvested timber, collecting rent from a tenant-farmer, and paying the property taxes.  On January 20, 2012, Morgan

opened an estate checking account where he deposited monthly rent and proceeds from timber sales and from which he withdrew property tax payments; the annual rent paid by the tenant-farmer was $4,100, the annual property taxes were $2,000, and proceeds from the timber sales fluctuated depending on the amount harvested. Morgan admits that on May 24, 2017, a hearing was convened in the probate court of Wilcox County to settle the estate's accounts; that prior to the hearing, Morgan filed with the probate court bank statements, timber sales information, and a check in the amount of $77,027.21 payable to the estate from his trust account; that during the hearing, he admitted he had withdrawn funds from the estate checking account and deposited those funds into his trust account for personal use; and that the $77,027.21 check was provided to the probate court as full repayment of the stolen estate funds before anyone was aware of his misconduct. Accordingly, the probate court entered an order finding that Morgan, as the executor, breached his fiduciary duties in transferring estate funds into an account under his control for his personal use. Morgan further states that, in 2010, his wife of 30 years, for whom he provided long-term care due to a terminal illness, passed away; that he suffered from anxiety and depression and often had suicidal thoughts as a result of his loss but

2

never sought treatment; and that in response to his loss he developed an intimate relationship with a family friend, whom he married in 2011, and began spending excessively.

Morgan admits that by his conduct he violated Rule 1.15 (I) (b) (1) and (2) (ii), Rule 1.15 (II) (b), and Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of each of these Rules is disbarment.

Morgan admits that, in aggravation, he acted dishonestly and selfishly when he transferred funds from the estate checking account into his trust account and withdrew the funds for his own personal use, see American Bar Association Standards for Imposing Lawyer Sanctions Standard 9.22 (b) (dishonest or selfish motive), and that he has 29 years of experience practicing law, see ABA Standard 9.22 (i) (substantial experience practicing law). See also In the Matter of Morse, 266 Ga. 652 (470 SE2d 232) (1996) (noting that the American Bar Association's standards are instructive in these types of cases). In mitigation, Morgan offers that he has no prior disciplinary record; that with the loss of his wife, he experienced personal and emotional problems during the time of his misconduct; that before the hearing, he made a good faith effort to

make restitution by providing the probate court a full repayment of the estate funds; that he was cooperative with the disciplinary process by providing a complete accounting of the estate checking account to the State Bar; and that he has expressed remorse. See ABA Standards 9.32 (b), (c), (d), (e), and (l); In the Matter of Rowe, 287 Ga. 822, 823 (700 SE2d 538) (2010) (mitigating factor included that respondent suffered from personal and emotional problems during the relevant time period); In the Matter of Champion, 275 Ga. 140, 141 (562 SE2d 179) (2002) (mitigation factors included that respondent had shown remorse and repaid funds to her client).

Morgan requests that this Court impose a two-year suspension that includes the following reinstatement conditions: complete a psychological evaluation and follow all recommendations; continue attending weekly Alcoholics Anonymous meetings; attend the State Bar's Law Practice Management courses; and submit a petition for reinstatement to the Review Panel showing compliance with these conditions for reinstatement. See In the Matter of Reddick-Hood, 296 Ga. 95, 98 (764 SE2d 416) (2014) (respondent seeking reinstatement at the conclusion of a suspension must submit a petition for reinstatement to the Review Panel, who will review it and any objections

4

filed by the State Bar's Office of General Counsel and then make a recommendation to this Court).

The State Bar does not dispute the facts as stated in Morgan's petition and agrees with the aggravating and mitigating factors. The State Bar asserts that the interests of the public and the State Bar would be best served if the Court were to accept Morgan's petition for voluntary discipline and suspend his law license for two years conditioned upon full compliance with the conditions set out in his petition.

Having considered the petition for voluntary discipline and the State Bar's response, we agree that a two-year suspension with conditions on reinstatement is the appropriate sanction in this case for Morgan's admitted violations of Rules 1.15 (I) (b) (1) and (2) (ii), 1.15 (II) (b), and 8.4 (a) (4). See In the Matter of Ballard, 279 Ga. 663 (619 SE2d 625) (2005); In the Matter of Shelfer, 278 Ga. 55 (597 SE2d 365) (2004). Accordingly, David E. Morgan III is hereby suspended from the practice of law in the State of Georgia for two years. At the conclusion of the two-year suspension, Morgan may seek reinstatement provided that he obtains a certificate from a board-certified and licensed mental health professional that he is fit to return to the practice of law and provides

5

evidence that he has been attending weekly Alcoholics Anonymous meetings and that he has successfully participated in the State Bar's Law Practice Management Program. When Morgan believes that the conditions for his reinstatement have been met, he shall demonstrate compliance in a petition for reinstatement submitted to the Review Panel, which will then issue a report and recommendation to this Court. Morgan shall not undertake the practice of law until this Court issues an opinion granting or denying his petition for reinstatement. See In the Matter of Fair, 292 Ga. 308 (736 SE2d 430) (2013). Morgan is reminded of his duties under Bar Rule 4-219 (c).

Two-year suspension with conditions. All the Justices concur.

Decided May 7, 2018.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.