310 Ga. 483
FINAL COPY

S21Y0168. IN THE MATTER OF THOMAS WILLIAM VEACH.

Per curiam.

This disciplinary matter is before the Court on a Petition for Voluntary Discipline filed by Thomas William Veach (State Bar No. 726595) before the issuance of a formal complaint, pursuant to Bar Rule 4-227 (b). In his petition, Veach, who has been a member of the Bar since 1984, admitted to conduct in violation of Rules 1.15 (I) (b) (1) and (2), 1.15 (II) (b), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Although Veach has no prior disciplinary history, he recognized the wrongfulness of his actions and requested an 18-month suspension. The State Bar has responded, recommending that the Court accept the petition but requesting that the Court suspend Veach's law license for a period ranging from eighteen months to three years. We agree to accept the petition and impose a suspension from the practice of law for a period of 18 months.

In his petition, Veach admitted that in 2013, he was retained by the executor of an estate to probate a will that he had previously prepared for the decedent. The estate had only one asset and one beneficiary, but Veach was aware that the asset was encumbered by a Medicaid lien. In December 2014, the estate sold the asset for $109,000 and Veach deposited the funds in his IOLTA account. Litigation ensued over the lien, but in December 2016, all stakeholders agreed to a settlement and in January 2017, Veach disbursed the amounts required by the settlement agreement to the estate's beneficiary. He failed to disburse $27,443.23 owed to the lienholder, however, and found himself unable to disburse those funds because he had been removing estate funds from his IOLTA account without the authorization of the executor since 2014. Ultimately, Veach was held in contempt of court for his failure to pay the amounts due to the lienholder, and his conduct was reported to the State Bar.

By way of explanation for his behavior, Veach recited that his wife died in October 2014, after having suffered from a terminal

2

illness for more than three years; that following her death he became depressed and his law practice suffered financially; and that, as he had no major medical or disability coverage for his wife's medical costs or any means to recover his lost income, he fell into financial hardship. Veach further explained that after he underwent heart surgery in April 2016, he was only able to return to the practice of law on a part-time basis.

Nevertheless, Veach admitted that he violated Rule 1.15 (I) (b) (1) and (2)[1] by disregarding the Medicaid lien and the interest that the lienholder held in the estate's funds and by failing to remit those funds to the lienholder. Veach further admitted that by removing estate funds from his IOLTA account for his personal use without

---

[1] Rule 1.15 (I) (b) (1) and (2) provide, in relevant part, that a lawyer shall not disregard a third person's interest in funds or other property in his possession if the interest is known to him and based on a statutory lien unless he reasonably concludes that there is a valid defense to the lien.

authorization from the estate's executor, he violated both Rule 1.15 (II) (b)[2] and Rule 8.4 (a) (4).[3]

Veach acknowledged that the maximum sanction for a single violation of any of these rules is disbarment and admitted that, in aggravation of punishment, he has substantial experience in the practice of law and that he acted with a dishonest or selfish motive. See ABA Standard 9.22 (b) and (i). In mitigation, Veach asserted that he has no prior disciplinary history; he was suffering personal and emotional problems at the time, including his wife's death and his own hospitalization; that he made a good faith effort at restitution by providing the estate and the lienholder all funds that were taken without authorization; and that he has expressed remorse. See ABA Standard 9.32 (a), (c), (d), and (l). Based on those facts, Veach requested that this Court accept his petition for

---

[2] Rule 1.15 (II) (b) provides, in relevant part, that a lawyer shall not withdraw funds from his trust account for his personal use except earned fees debited against the account of a specific client and recorded as such.

[3] Rule 8.4 (a) (4) provides that a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation.

voluntary discipline and suspend his law license for a period of 18 months.

The State Bar responded, accepting the facts as laid out by Veach and his recitation of the factors in aggravation of punishment. With regard to factors in mitigation of punishment, the Bar agrees that Veach has no prior disciplinary history, has demonstrated remorse, and has shown full payment to the lienholder. It further acknowledged that Veach fully cooperated with the disciplinary process and freely disclosed all requested relevant information. See ABA Standard 9.32 (e). Although the Bar took no position on whether Veach's allegation that he was suffering personal and emotional problems should weigh in mitigation of his punishment, this Court finds that it should. See, e.g., *In the Matter of Edmondson*, 292 Ga. 893, 893 (742 SE2d 740) (2013) (considering factors in mitigation of punishment where the State Bar had no objection to the petition for voluntary discipline). The Bar requested that this Court accept Veach's petition and suspend his law license for a period ranging from eighteen months to three years.

Rule 4-227 (b) does not address whether the Court may impose greater discipline than that sought in a petition for voluntary discipline filed before the issuance of a formal complaint. Instead, the rule states only that the Court "shall issue an appropriate order." Rule 4-227 (b) (2). However, it has been the Court's practice to reject a petition in such circumstances rather than to impose a more stringent discipline than that requested by the petitioner. See, e.g., *In the Matter of Hunt*, 301 Ga. 661, 663 (802 SE2d 243) (2017) (rejecting petition for voluntary discipline that requested six-to twelve-month suspension where lawyer misappropriated client funds, had five prior disciplinary sanctions, and had mitigating factors, including repayment of funds). But in this case, both parties agree to accept the imposition of an 18-month suspension, and such a suspension is within the range of punishments that have been imposed by this Court for similar violations. See *In the Matter of Morgan*, 303 Ga. 678, 679-680 (814 SE2d 394) (2018) (accepting petition for voluntary discipline and imposing a two-year suspension with conditions on reinstatement for violations of Rules 1.15 (I), 1.15

(II) (b), and 8.4 (a) (4) where attorney withdrew $77,000 from client's estate and deposited it for personal use, but repaid the money before the client became aware that the funds were missing); *In the Matter of Duncan*, 301 Ga. 898, 899-901 (804 SE2d 342) (2017) (accepting petition for voluntary discipline and imposing a six-month suspension with conditions on reinstatement for violations of Rules 1.4, 1.15 (I), 1.15 (II) (b), and 1.16, where attorney used client's settlement funds to finance his drug addiction problem, but he repaid the money, had no prior discipline, and agreed to counseling); *In the Matter of Jones*, 280 Ga. 302, 302 (627 SE2d 24) (2006) (accepting petition for 12-month suspension where attorney used trust account funds to pay a promissory note for a friend, but cooperated in disciplinary matter, had no prior disciplinary history, and the motivation was not dishonest); *In the Matter of Champion*, 275 Ga. 140, 140-141 (562 SE2d 179) (2002) (accepting petition for 12-month suspension with conditions where attorney withdrew settlement funds for personal use, which led to delay in transmission

of settlement funds to her client and lienholders because attorney had to first repay the money she had withdrawn).

Given the conduct asserted in the petition for voluntary discipline and the aggravating and mitigating factors, including the presence of mental and emotional issues at the time of the misconduct, we accept the petition for voluntary discipline and direct that Veach be suspended from the practice of law in Georgia for a period of 18 months. Because there are no conditions on Veach's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms 18 months later. Veach is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted. Eighteen-month suspension. All the Justices concur, except Warren, J., not participating.*

Decided November 16, 2020.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.