S11Y1742. IN THE MATTER OF JERRY BOYKIN.
(725 SE2d 324)

PER CURIAM.

This disciplinary matter is before this Court pursuant to Respondent Jerry Boykin's petition for voluntary discipline which he filed pursuant to Bar Rule 4-227 (b) prior to the filing of any Formal Complaints. In his petition he attempts to resolve three underlying disciplinary matters. With regard to State Disciplinary Board ("SDB") Docket No. 5812, Boykin, who has been a member of the State Bar since 1973, admits that Mark and Gail Wynne retained him to represent them in a civil case, paying his firm a total of $2,600; that he performed services on their behalf through March 2009; but that he failed to advise the Wynnes of a court date scheduled for March 12, 2009, and failed to appear on their behalf. As a result, default judgment was entered against the Wynnes. Boykin did not inform the Wynnes about the default judgment and did not return any unearned fees to the Wynnes.

With regard to SDB Docket No. 6030, Boykin admits that although Larry Thomas paid no fee, he agreed to represent Thomas in a civil case; that he failed to file the case before the expiration of

the statute of limitations; that under Thomas' threats to file a Bar complaint, he executed a promissory note agreeing to pay Thomas $38,000, which was the amount of damages Thomas would have requested in his civil suit, plus interest; and that although he has paid some of that amount, he has not satisfied the promissory note.

Finally, Boykin admits, with regard to SDB Docket No. 6031 that he and his firm agreed to represent Shilvon Jackson in her personal injury action; that Jackson did not provide complete answers to interrogatories; and that he did not respond to the discovery request. The court dismissed Jackson's complaint with prejudice for failure to respond to discovery and Jackson filed a malpractice action against Boykin and his firm. Boykin and Jackson have since entered into a consent agreement regarding the malpractice claim.

Boykin admits that by his actions/inaction on these three matters he violated Rules 1.2 (lawyer shall consult with his client and abide by the client's decisions with respect to the case and settlement thereof); 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to him); 1.4 (lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information); 1.16 (d) (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); and 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client). The maximum sanction for a single violation of Rule 1.2 or 1.3 is disbarment, while the maximum sanction for a single violation of Rule 1.4, 1.16 or 3.2 is a public reprimand.

In mitigation of discipline Boykin asserts that he did not intentionally miss the calendar call in the Wynnes' case; that he honestly forgot the date; that he was under a lot of pressure at the time because his law partner announced his intention to leave the law firm with only two days notice, leaving Boykin as a solo practitioner with no secretarial or legal assistance; and that it was in the midst of attempting to deal with this turn of events that he overlooked the Wynnes' court date. He contends that with regard to Ms. Jackson's case, he made an effort to save her claim by preparing the paperwork to voluntarily dismiss her action without prejudice, but that when he attempted to file his voluntary dismissal, he learned that the court had already granted the defendant's motion to dismiss. Boykin asserts that he is no longer practicing law full time; that an extended illness forced him to close his office; that he is

attempting to wrap up his outstanding cases; and that he expected those cases to be completed by October 2011. He opines that a six-month suspension is adequate discipline for his conduct in the three disciplinary matters at issue.

The State Bar has responded urging the Court to reject Boykin's petition on the ground that a six-month suspension is not adequate discipline. The Bar contends that even though Boykin has been ill and is no longer practicing law full time, his prior disciplinary history is an aggravating factor. According to the Bar, that history includes a two-year suspension, see *In the Matter of Boykin,* 262 Ga. 283 (418 SE2d 64) (1992), a public reprimand, a Review Panel reprimand, and an Investigative Panel reprimand. Finally, the Bar represents that Boykin currently has matters pending before a special master, see S11B1847 (Aug. 10, 2011) (appointing George E. Mundy as special master to hear claims arising out of Boykin's representation of a client in a guilty plea); see also S10Y0947, wherein Boykin filed a notice of rejection regarding a notice of discipline involving failure to return the file to a different criminal defendant.

Based on the admitted facts, the record as a whole, and Boykin's prior disciplinary history, we agree with the State Bar that a six-month suspension is not the appropriate level of discipline to impose on Boykin for his actions in this case. Accordingly, we reject Boykin's petition for voluntary discipline.

*Voluntary discipline rejected. All the Justices concur, except Benham, J., not participating.*

DECIDED APRIL 24, 2012.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.