## S13Y1101. IN THE MATTER OF JERRY BOYKIN.
### (744 SE2d 772)

PER CURIAM.

This Court rejected the first petition for voluntary discipline filed by Respondent Jerry Boykin (State Bar No. 073250), finding that a six-month suspension was not an appropriate level of discipline to resolve the three underlying disciplinary matters given Boykin's extensive prior disciplinary history[1] and other pending disciplinary issues. See *In the Matter of Boykin*, 290 Ga. 871 (725 SE2d 324) (2012). The facts admitted to by Boykin that relate to the three disciplinary matters at issue here (State Disciplinary Board ("SDB") Docket Nos. 5812, 6030, and 6031) are as follows:

> With regard to [SDB] Docket No. 5812, Boykin, who has been a member of the State Bar since 1973, admits that Mark and Gail Wynne retained him to represent them in a civil case, paying his firm a total of $2,600; that he performed services on their behalf through March 2009; but that he failed to advise the Wynnes of a court date scheduled for March 12, 2009, and failed to appear on their behalf. As a result, default judgment was entered against the Wynnes. Boykin did not inform the Wynnes about the default judgment and did not return any unearned fees to the Wynnes.

---

[1] This prior disciplinary history includes a Formal Letter of Admonition in November 1982, a public reprimand in January 1985, a two-year suspension in June 1992, see *In the Matter of Boykin*, 262 Ga. 283 (418 SE2d 64) (1992), an Investigative Panel Reprimand in February 1995, another Investigative Panel Reprimand in August 2002, a Review Panel Reprimand in January 2005, and another Formal Letter of Admonition in October 2008.

With regard to SDB Docket No. 6030, Boykin admits that although Larry Thomas paid no fee, he agreed to represent Thomas in a civil case; that he failed to file the case before the expiration of the statute of limitations; that under Thomas' threats to file a Bar complaint, he executed a promissory note agreeing to pay Thomas $38,000, which was the amount of damages Thomas would have requested in his civil suit, plus interest; and that although he has paid some of that amount, he has not satisfied the promissory note.

Finally, Boykin admits, with regard to SDB Docket No. 6031 that he and his firm agreed to represent Shilvon Jackson in her personal injury action; that Jackson did not provide complete answers to interrogatories; and that he did not respond to the discovery request. The court dismissed Jackson's complaint with prejudice for failure to respond to discovery and Jackson filed a malpractice action against Boykin and his firm. Boykin and Jackson have since entered into a consent agreement regarding the malpractice claim.

Boykin admits that by his actions/inaction on these three matters he violated Rules 1.2 (lawyer shall consult with his client and abide by the client's decisions with respect to the case and settlement thereof); 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to him); 1.4 (lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information); 1.16 (d) (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); and 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client). The maximum sanction for a single violation of Rule 1.2 or 1.3 is disbarment, while the maximum sanction for a single violation of Rule 1.4, 1.16 or 3.2 is a public reprimand.

*Boykin*, supra, 290 Ga. at 871-872.

The State Bar filed a formal complaint, and Boykin responded with an amended petition for voluntary discipline in which he essentially admitted the facts and violations as recited in *Boykin*, supra,

but requested a 15-18 month suspension as discipline. The State Bar responded that it had no objection to the length of the proposed suspension, and the special master recommended that a suspension of no more than 18 months with certain conditions on reinstatement was appropriate. Boykin did not object to the imposition of these additional conditions by the special master. In mitigation of discipline, the special master found that Boykin was forthright in his petition for voluntary discipline; that he has suffered extensive personal and physical problems, including repeated hospitalizations and on-going medical conditions; that his difficulties arose, not from an intent to injure his clients, but from problems within his law firm and with his health; and that he has substantially reduced the size of his practice since the underlying incidents.

Based on the facts of the three underlying disciplinary matters, as recited in *Boykin*, supra, we agree that Boykin violated Rules 1.2, 1.3, 1.4, 1.16, and 3.2 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). As stated above, a violation of either Rule 1.2 or 1.3 can be punished by disbarment. Despite the existence of the mitigating factors found by the special master, we find that Boykin's past disciplinary history remains a significant aggravating factor.

In light of the record as a whole, we reject Boykin's petition for voluntary discipline, even when considered in light of the additional conditions recommended by the special master for Boykin's reinstatement.

*Petition for voluntary discipline rejected. All the Justices concur, except Benham, J., not participating.*

DECIDED JUNE 17, 2013.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.