296 Ga. 690
FINAL COPY

S14Y1825.  IN THE MATTER OF JEFFREY L. SAKAS.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Jeffrey L. Sakas (State Bar No. 622250), seeking the imposition of a public reprimand for his neglect of matters involving four clients.  Having considered the record and the mitigating factors presented, the Court agrees to accept the petition.

The record shows that Sakas was admitted to the Bar in 1973.  In connection with State Disciplinary Board Docket ("SDBD") No. 6284, Sakas agreed to represent a client in 2008 in connection with a personal injury claim, but did not take action on behalf of the client and did not properly terminate the representation.  In connection with SDBD No. 6217, Sakas was retained in 2008 by a client to seek additional compensation for unpaid special damages in connection with an automobile accident after the client had already received a settlement from the at-fault driver.  Sakas filed suit against the client's insurer, but failed to answer discovery, and the suit was dismissed.  In connection with SDBD No. 6254, Sakas was retained by a client in 2007 to pursue a negligence

action against two defendants. Sakas filed suit in Clayton County, but was unable to perfect service on the defendants. Sakas subsequently became aware that the defendants were located in DeKalb County, so he dismissed the Clayton County action and re-filed in DeKalb County. He made exhaustive attempts to serve the defendants, but was unable to do so, and the trial court dismissed the action. Finally, in connection with SDBD 6410, Sakas failed to respond to discovery on behalf of a client, and the client was sanctioned $750 by the trial court.

Sakas admits that by this conduct he has violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment and for Rule 1.4 is a public reprimand.

The record shows the following in mitigation: during the time period this conduct occurred, Sakas was suffering a disability caused by a combination of factors, including severe sleep apnea, heart problems, reaction to prescribed medication, and emotional problems related to a difficult divorce. Since receiving treatment and resolving his personal marital conflicts, he has not had any additional complaints regarding his law practice and he is now able to

function on the high level required of a practicing attorney.

Additionally, the record reflects that Sakas is deeply remorseful; that he has taken the initiative of having his cases monitored by experienced legal staff to ensure that he is kept on schedule and will avoid the mistakes he has made; that he has continued to seek sufficient medical treatment for both his heart condition and severe sleep apnea; that both issues are medically under control and are well-treated; that at the time of these occurrences, Sakas was a sole practitioner without the benefit of full-time assistance and partnership, but that since receiving medical treatment and resolving his medical problems, he was asked to join the practice with two other lawyers, and the three men formed a partnership in 2011; and that he now benefits from both full- and part-time legal assistants and a fully-staffed and functioning office. The record reflects that Sakas has taken steps to rectify the consequences of his actions, including entering into financial settlements with the affected clients. Additionally, these matters have been pending for some time before the State Bar with no real progress in any of the cases.

The State Bar asks that the Court accept the petition, but with the condition that Sakas be required to notify the Bar as he finalizes settlements and

makes payments to affected clients. Having reviewed the record, the Court agrees that a public reprimand is the appropriate sanction in these circumstances, see, e.g., <u>In the Matter of Rowe</u>, 287 Ga. 822 (700 SE2d 538) (2010), and therefore, accepts the petition for voluntary discipline, with the condition that Sakas notify the State Bar as he finalizes the financial settlements and completes the payments required under those settlements.

Accordingly, the Court hereby directs that Jeffrey L. Sakas receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violations of Rules 1.3 and 1.4.

<u>Petition for voluntary discipline accepted. Public reprimand. All the Justices concur</u>.

Decided March 2, 2015.

Public reprimand.

<u>Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar</u>, for State Bar of Georgia.