In the Supreme Court of Georgia

Decided:    October 19, 2015

S16Y0025.IN THE MATTER OF MORRIS P. FAIR, JR.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Morris P. Fair, Jr. (State Bar No. 581019), pursuant to Bar Rule 4-227 (b) (2), in which he seeks to resolve a pending disciplinary matter involving his representation of a client in a habeas case. In his petition, Fair admits that his conduct in that case violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand.

Fair, who has been a member of the Bar since 2000, acknowledges that he failed to act with reasonable diligence and promptness in his representation of the habeas petitioner, who had filed his petition pro se before Fair entered an appearance on his behalf and secured a date for a hearing on the petition. Upon entering into the representation, Fair explained to the client that his case

schedule would delay the habeas case, which would also give the client time to pay Fair's fee. Fair acknowledges that he did not always promptly return the client's phone calls, but states that he did speak to the client at least once per week and visited the client on three occasions while the petition was pending. At the hearing on the petition, Fair requested 30 days in which to file a brief, which he failed to file timely because of his criminal case schedule; Fair did explain to the client his failure to timely file the brief. Fair seeks a Review Panel reprimand. In response, the State Bar notes in aggravation that Fair has prior disciplinary offenses, including his receipt of formal letters of admonition in 2010 and 2015; his indefinite suspension in 2010, see In the Matter of Fair, 288 Ga. 17 (701 SE2d 160) (2010), which was lifted in 2013, nunc pro tunc to October 3, 2011, see In the Matter of Fair, 292 Ga. 308 (736 SE2d 430) (2013); and his two interim suspensions in 2008 and 2015, respectively. In mitigation, the State Bar notes that Fair did not have a dishonest or selfish motive and displayed a cooperative attitude towards the disciplinary proceeding. The State Bar recommends that this Court accept Fair's petition for voluntary discipline and order that Fair receive a Review Panel reprimand.

Having reviewed the record as a whole, we do not agree that imposition

2

of a Review Panel reprimand is the appropriate sanction in this matter, particularly in light of Fair's prior disciplinary history. See In the Matter of Boykin, 290 Ga. 871 (725 SE2d 324) (2012) (noting petitioner's prior disciplinary history in rejection of petition for voluntary discipline); In the Matter of E. T. M., 285 Ga. 814, 683 S.E.2d 596 (2009) (rejecting petition for voluntary discipline despite Bar's lack of objection). Accordingly, this Court rejects Fair's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

3