In the Supreme Court of Georgia

Decided:    April 26, 2016

S16Y0917.  IN THE MATTER OF MORRIS P. FAIR, JR.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Morris P. Fair, Jr. (State Bar No. 581019), pursuant to Bar Rule 4-227 (b) (2), in which he again seeks to resolve a pending disciplinary matter involving his representation of a client in a habeas corpus case.  Fair filed a prior petition for voluntary discipline with regard to the same underlying matter, and this Court denied his petition, see In the Matter of Fair, 297 Ga. 869 (778 SE2d 794) (2015).  In this petition, Fair admits that his conduct in the habeas case violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand.

Fair, who has been a member of the Bar since 2000, acknowledges that he failed to act with reasonable diligence and promptness in his representation of

the habeas petitioner, for whom he states that he had filed a petition, secured a date for a hearing on the petition, and subsequently requested that the hearing be continued due to his scheduling conflicts. Fair acknowledges that he did not always promptly return the client's phone calls, but states that he did speak to the client at least once every other week, visited the client on three or four occasions while the petition was pending, and spoke occasionally to the petitioner's mother. At the hearing on the petition, Fair requested 30 days in which to file a brief, which he failed to file timely; Fair states that he did explain to the client his failure to timely file the brief, but failed to do so promptly.

Fair seeks a Review Panel reprimand. In addition to the reprimand, Fair also proposes that he be subject to a 12-month probationary period, in which there would be no complaints against him for which the Bar would find probable cause to investigate and during which he would agree, assuming such a complaint did arise, to any discipline recommended by the Bar, unless the complaint were frivolous or unfounded. Fair notes that he intends to pay restitution to the petitioner's mother for the $8,500 she paid to Fair for his representation; that the petitioner has received his file, including the transcript; that he has retained an office manager whose tasks include managing the

placement of client cases on the electronic calendar available in the "My Case" system; that the "My Case" system is accessible by clients with internet access and he intends to review any client questions or responses submitted through that system regularly; that he has met with the Bar's Law Practice Management Program and intends to continue to do so; and that he had no intent to violate the Rules of Professional Conduct. Fair does acknowledge, however, that he has two further disciplinary matters currently pending before the Review Panel.

In response, the State Bar notes first that it intends to present evidence in this matter contrary to several of the assertions in Fair's present petition, specifically stating that the habeas petitioner, not Fair, filed the petition; that Fair visited with and spoke to the petitioner and his family less frequently than he represents; that Fair did not discuss with the petitioner his failure to file a post-hearing brief; and that Fair received more money for his representation of the petitioner than he now acknowledges. The State Bar further notes that Fair's proposed probationary period is insufficiently described, not supported by Georgia law, and leaves too much to his discretion; that Fair misstates that he has two matters presently pending before the Review Panel, as the matters actually have been directed to the Office of General Counsel for the filing of

3

formal complaints; and that the Office of General Counsel is unaware of whether the habeas petitioner received his complete file or whether Fair has met with the Law Practice Management Program. In aggravation, the State Bar notes that Fair has prior disciplinary offenses, including his receipt of formal letters of admonition in 2010 and 2015; his indefinite suspension in 2010, see In the Matter of Fair, 288 Ga. 17 (701 SE2d 160) (2010), which was lifted in 2013, nunc pro tunc to October 3, 2011, see In the Matter of Fair, 292 Ga. 308 (736 SE2d 430) (2013); and his two interim suspensions in 2008 and 2015, respectively. The State Bar recommends that this Court deny Fair's petition for voluntary discipline, as his receipt of a Review Panel reprimand would be insufficient to address his admitted conduct, particularly in light of his prior disciplinary history.

Having reviewed the record as a whole, we cannot agree that imposition of a Review Panel reprimand is the appropriate sanction in this matter, particularly in light of Fair's prior disciplinary history, see In the Matter of Boykin, 290 Ga. 871 (725 SE2d 324) (2012) (noting petitioner's prior disciplinary history in rejection of petition for voluntary discipline), and our denial of Fair's prior petition for voluntary discipline as to the same matter.

4

Accordingly, this Court rejects Fair's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.