301 Ga. 49
FINAL COPY

S17Y0871. IN THE MATTER OF JEFFREY L. SAKAS.

PER CURIAM.

This disciplinary matter is before the Court on special master C. David Mecklin, Jr.'s report and recommendation in which he recommends that the Court accept the amended petition for voluntary discipline filed by Respondent Jeffrey L. Sakas (State Bar No. 622250) pursuant to Bar Rule 4-227 (c) after the State Bar filed a formal complaint and further recommends that the Court impose a six-month suspension for Sakas's admitted violations of Rule 1.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.3 is disbarment.

In his amended petition, Sakas, who has been a member of the bar since 1973, admits that in August 2012 a client hired him to pursue a legal malpractice case and paid him a $10,000 retainer, plus $6,000 for litigation expenses. The client also agreed to pay Sakas a 40% contingent fee on any amount recovered. Two years later, in October 2014, Sakas met with the client and told him that although his file had gone missing during an office move, Sakas would nevertheless proceed with his case

at that time. Despite those assurances, Sakas admittedly never filed a complaint or engaged in any discovery on the client's behalf and instead abandoned the case without just cause and to the client's detriment. Sakas further admits that during the fee arbitration process initiated by the client, he entered into a consent agreement in which he agreed to refund the client $11,000 by August 9, 2015, and an additional $5,000 by September 1, 2015, in order to resolve the matter. Sakas failed to make the payments by the agreed deadlines, but he asserts in his amended petition that he has since tendered the entire $16,000 to the client. Sakas attached to his amended petition what appears to be a copy of a check for that amount made payable to the client, and the special master made a factual finding that Sakas, indeed, repaid the client.

Sakas admits that by the above actions he violated Rule 1.3 and agrees to accept discipline anywhere in the range between a Review Panel reprimand and a six-month suspension. In mitigation of discipline, he contends that after agreeing to represent the client, personal matters delayed his ability to give the case the necessary attention. Those matters included the illness and death of his father; the subsequent health problems, relocation, and ultimate death of his mother; his own

health problems, which required hospitalization and surgery; and the transfer of his law practice to a new location. Although Sakas contends that he stayed in contact with his client throughout the relevant time, he admits that his client ultimately terminated his services. Sakas contends that he believed he would be able to pay the amounts due under the consent order because he was expecting to receive his share of fees due from a recently-settled case, but was thwarted when the other attorney working on the case failed to deliver Sakas his portion of the fee.

The special master accepted the above recitation of personal problems as a mitigating factor in deciding discipline, but noted in aggravation that Sakas had substantial experience in the practice of law and a prior disciplinary history as evidenced by the fact that Sakas had received two formal letters of admonition (one in December 2009 and another in February 2012) and a public reprimand on March 2, 2015. See In the Matter of Sakas, 296 Ga. 690 (769 SE2d 925) (2015). Noting this Court's suggestion that the American Bar Association's standards for imposing lawyer sanctions are instructive in determining the appropriate sanction in disciplinary cases, see In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996), the special master cited ABA Standard 4.42 (a), which provides that

suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes that client injury or potential injury. The special master further noted that this Court has suspended lawyers with prior disciplinary histories who have abandoned their clients.  See In the Matter of Brantley, 299 Ga. 732 (791 SE2d 783) (2016) (accepting petition for voluntary discipline and imposing a 180-day suspension with conditions on attorney with disciplinary history for her violations of various disciplinary rules in five separate disciplinary matters, including violations of Rule 1.3 in three different client matters); In the Matter of Buckley, 291 Ga. 661 (732 SE2d 87) (2012) (accepting petition for voluntary discipline and imposing a four-month suspension on attorney with disciplinary history for his violations of various disciplinary rules including Rule 1.3); In the Matter of Wallace, 287 Ga. 157 (695 SE2d 23) (2010) (accepting petition for voluntary discipline involving admitted violations of Rule 1.3 and 8.4 (a) (4) and imposing a 60-day suspension where attorney had two prior disciplinary sanctions).  But the special master also noted that this Court has rejected a requested reprimand due to a lawyer's disciplinary history.  See In the Matter of Fair, 297 Ga. 869 (778 SE2d 794) (2015) (rejecting petition for voluntary discipline seeking Review Panel reprimand

4

for violations of Rules 1.3 and 1.4 in connection with single client matter in the light of attorney's prior disciplinary history). Accordingly, the special master recommended accepting Sakas's petition for voluntary discipline and imposing a six-month suspension as discipline for his admitted violation of Rule 1.3. As neither party sought review from the Review Panel or filed any exception to the special master's report and recommendation, the matter is ripe for this Court's decision.

Having reviewed the entire record in this case, we conclude that in the light of Sakas's prior disciplinary history, a six-month suspension is an appropriate sanction in this case. Therefore, we hereby accept Sakas's petition for voluntary discipline and order that he be suspended from the practice of law for six months. Because there are no conditions on Sakas's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms six months later. Sakas is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Six-month suspension. All the

Justices concur.


Decided April 17, 2017.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.