306 Ga. 504
FINAL COPY

S19Y1164, S19Y1165, S19Y1166. IN THE MATTER OF JEFFREY L. SAKAS (three cases).

PER CURIAM.

These disciplinary matters are before the Court on the reports of the special master, Paul T. Carroll III, who recommends that Respondent Jeffrey L. Sakas (State Bar No. 622250) be disbarred as a result of six State Disciplinary Board matters, which have been pursued in three separate formal complaints. We note that this is the third time in recent years that this Court has been required to address disciplinary violations by Sakas, who has been a member of the Bar since 1973. See *In the Matter of Sakas*, 296 Ga. 690 (769 SE2d 925) (2015) (*Sakas I*) (imposing a public reprimand); *In the Matter of Sakas*, 301 Ga. 49 (799 SE2d 157) (2017) (*Sakas II*) (imposing a six-month suspension and noting various personal issues accepted by the special master in mitigation of discipline). Here, the State Bar unsuccessfully attempted to serve each of the formal complaints on Sakas personally at the address listed with the

State Bar. The State Bar then properly served Sakas by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but Sakas failed to file an answer as required by Bar Rule 4-212 (a), so the State Bar sought and obtained a ruling from the special master that Sakas was in default. Accordingly, the facts and violations alleged in each of the formal complaints are deemed admitted. Id.

As deemed admitted, the facts show that in multiple matters Sakas purported to represent clients while he was suspended from the practice of law due to a prior disciplinary violation. See *Sakas II*, 301 Ga. at 51. With regard to two other matters, Sakas was retained by clients but did not perform the agreed-upon work and failed to respond to inquiries from his clients about the status of their matters. When the clients eventually terminated the representations, Sakas failed to return the unearned portion of the fees they had paid. With regard to one of the clients, Sakas initially attempted to refund the retainer to the client with a check that was dishonored by his bank, and later claimed to the State Bar that the client was not entitled to a refund as the retainer had been earned.

2

With regard to the other client, whose representation Sakas took on while he was suspended from practice, Sakas submitted a response to the Notice of Investigation indicating that he was working on the client's bankruptcy matter, while the evidence showed that the client was proceeding pro se.

In another matter, Sakas was hired to assist a couple in their efforts to recover an overpayment on their mortgage, but after Sakas failed to take any action on their behalf, they terminated the representation and demanded a refund. When Sakas failed to return their retainer, they filed a petition for fee arbitration. While suspended from the practice of law, Sakas answered the arbitration petition with a letter in which he identified himself as an attorney and made numerous false statements about the type and amount of work he had performed for these clients. Sakas retracted some of those misrepresentations at the fee arbitration hearing, but he still failed to document any work he had actually performed on the clients' behalf, and was ordered to refund the entire retainer.

In the final matter, a client hired Sakas to handle the appeal of an eviction order obtained by the client's mortgage lender. Although Sakas filed the appeal, he failed to respond to a dispositive motion and advised his client to ignore the court's order that the client pay his mortgage payments into the court's registry. As a result, the court granted the lender's motion for summary judgment and issued it a writ of possession. Sakas later filed a separate complaint in an attempt to stave off the eviction, but his request for injunctive relief was denied and his failure to respond to a motion to dismiss resulted in dismissal of the suit. When this client later requested the return of his file, Sakas failed to do so, making excuses that the special master determined not to be credible based on Sakas's consistent failure to respond to the State Bar in the matter.

Based on these admitted facts, the special master found that Sakas had violated Rule 1.1, 1.2, 1.3, 1.4, 1.5, 1.15 (I), 1.15 (II), 1.16 (d), 3.1, 3.3, 4.1, 5.5, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.1, 1.2, 1.3, 1.15 (I), 1.15 (II)

(a) or (b), 3.3, 4.1, 5.5, or 8.4 (a) (4) is disbarment, while the maximum sanction for a single violation of Rules 1.4, 1.5, 1.15 (II) (c), 1.16 (d), or 3.1 is a public reprimand. Noting that these disciplinary matters also invoked Bar Rule 4-103 — as Sakas had also received two formal letters of admonition in addition to the discipline imposed in *Sakas I* and *Sakas II* — the special master looked to the ABA Standards for Imposing Discipline and found that disbarment was the presumptive sanction given that Sakas had attempted to practice law while suspended, converted unearned fees, engaged in a pattern of neglect of client matters, shown a lack of candor with clients and others for purposes of his own financial gain at the expense of his client, violated Rule 1.3 despite previously having been suspended for a violation of the same rule, and counseled a client to violate a court order. The special master identified no mitigating factors,[1] but in aggravation found that

---

[1] The special master who handled the matters disposed of in *Sakas II* accepted as mitigating factors various personal issues, including Sakas's health problems, the deaths of his parents, and an office move. See 301 Ga. at 50. But the special master's reports in the cases here contained no reference to

5

Sakas acted with a dishonest or selfish motive, showed a pattern of misconduct across various aspects of these matters, committed multiple offenses, showed bad faith obstruction of the disciplinary process by intentionally failing to timely comply with the rules or orders of the State Bar, refused to acknowledge the wrongful nature of his conduct, and had substantial experience in the practice of law. Thus, the special master recommended that Sakas be disbarred.

We have reviewed the record in these matters and agree that disbarment is the appropriate sanction, particularly given the number of violations, Sakas's prior disciplinary history, and his failure to engage honestly in the disciplinary process. See *In the Matter of Raulin*, 299 Ga. 283 (787 SE2d 691) (2016) (attorney with prior discipline disbarred for failing to act diligently in his representation of multiple clients and refusing to refund unearned fees); *In the Matter of Brockington*, 297 Ga. 649 (776 SE2d 185)

those personal problems other than to note that, in a response to the Notice of Investigation in one of these matters, Sakas cited health reasons for his failure to complete certain client work, and that, in another matter, Sakas cited an office move as a reason he could not provide a client his file, an excuse the special master here found not to be credible.

6

(2015) (attorney with prior discipline disbarred for abandoning three clients' legal matters, failing to respond to their calls, and refusing to return unearned fees). Accordingly, it hereby is ordered that the name of Jeffrey L. Sakas be removed from the rolls of persons authorized to practice law in the State of Georgia. Sakas is reminded of his duties pursuant to Bar Rule 4-219 (b).[2]

*Disbarred. All the Justices concur.*

DECIDED AUGUST 5, 2019.

Disbarment.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K.*

---

[2] Formerly Bar Rule 4-219 (c).

*Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.